IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  02-CR-62-TCK |
| | ) | (04-CV-815-TCK-FHM) |
| SERGIO ANTONIO MANJARREZ, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 (Dkt. # 82) by Defendant Sergio Antonio Manjarrez.  Defendant has also filed a "motion to preserve a Booker claim" (Dkt. # 86) and a motion to amend § 2255 motion (Dkt. # 87). For the reasons discussed below, the Court finds Defendant's § 2255 motion and motion to preserve a Booker claim shall be denied.

As a preliminary matter, the Court shall address Defendant's motion to amend.  In the motion, Defendant alleges that his trial counsel provided ineffective assistance in failing to litigate a Fourth Amendment claim competently. Because Defendant has raised an ineffective assistance of counsel claim in his § 2255 motion, see Dkt. # 82, attached brief in support at 7, it appears he intends to supplement the claim with further factual allegations by filing the motion to amend. Therefore, the Court shall liberally construe the motion to amend as a motion to supplement.  The Court further finds that the motion to supplement shall be granted. The Court shall consider Defendant's additional allegations in resolving the claim of ineffective assistance of counsel as raised in the § 2255 motion.

## *FACTUAL AND PROCEDURAL BACKGROUND*

The record reflects that Defendant was stopped by Oklahoma Highway Patrol Trooper Vernon Roland on March 13, 2002, for failing to signal a change of lanes when his vehicle exited the interstate into the toll plaza and again when it changed lanes proceeding toward the toll booth. Trooper Roland asked Defendant and his passenger to accompany him to his patrol car while he checked Defendant's license and insurance and wrote out a warning citation for the violation. As Roland wrote out the citation, he engaged in a brief conversation with Defendant, telling him he was "through" as he returned Defendant's documentation to him. As Defendant exited the vehicle, Roland asked whether he could ask Defendant a question, to which Defendant answered, "Okay." Roland asked whether Defendant was carrying any guns or alcohol in the car, to which Defendant answered, "No." Roland then asked whether he could search the vehicle, to which Defendant answered, "Yes." Roland conducted a brief pat-down of Defendant for concealed weapons before taking his drug-detection dog from the back of his patrol car to conduct the search. The dog quickly alerted to the front bumper of the car, wherein Roland discovered several bundles of a substance that field-tested positive for cocaine. Defendant was arrested for possession of cocaine.

On May 30, 2002, the Court conducted a hearing on Defendant's motion to suppress physical evidence and statements. Final arguments related to the motion were heard on July 1, 2002. By Order filed July 16, 2002 (Dkt. # 45), the Court denied the motion, finding that the initial stop of the vehicle was justified, that Defendant consented to the search and that a pat-down of Defendant did not vitiate consent to the search. On August 9, 2002, Defendant entered a conditional plea of guilty to one count, under 21 U.S.C. § 841(a)(1), of possessing with intent to distribute approximately twenty-nine kilograms of cocaine, and reserved his right to appeal the denial of the motion to

suppress. See Dkt. # 52.  On December 13, 2002, Defendant was sentenced to the statutory minimum of 120 months imprisonment. On December 19, 2002, the Court entered a judgment of conviction (Dkt. # 69).

Defendant filed a direct appeal challenging the Court's denial of his motion to suppress. The Tenth Circuit affirmed that denial on November 4, 2003. See United States v. Manjarrez, 348 F.3d 881 (10th Cir. 2003). The Court of Appeals upheld this Court's ruling on all three challenges to the stop and subsequent search. The Supreme Court denied Defendant's petition for a writ of *certiorari* on March 8, 2004.

Defendant filed the instant § 2255 motion (Dkt. #82) on October 25, 2004. Defendant raises four grounds in his motion: (1) that evidence seized from his vehicle should have been suppressed and his counsel's failure to argue for suppression constitutes ineffective assistance of counsel; (2) that his trial counsel was ineffective for failing to request a sentencing reduction; (3) that his appellate counsel was ineffective for failing to argue that a sentencing reduction should have been applied; and (4) that he is entitled to be resentenced under Blakely v. Washington.

## *ANALYSIS*

**A.      Consideration of Fourth Amendment claim precluded by Stone v. Powell**

Defendant continues to argue, as he did in his motion to suppress and on appeal to the Tenth Circuit of Appeals, that the evidence discovered in the search of his vehicle should have been suppressed. In Stone v. Powell, 428 U.S. 465 (1976), the Supreme Court held that Fourth Amendment claims were not cognizable in § 2254 state habeas proceedings when the state had provided a full and fair opportunity to litigate the issue. Id. at 494.  In United States v. Cook, 997 F.2d 1312, 1317 (10th Cir. 1993), the Tenth Circuit Court of Appeals extended the rationale of Stone

to § 2255 proceedings, holding that Fourth Amendment violations are not reviewable in a § 2255 motion when the federal prisoner has had a full and fair opportunity to litigate the Fourth Amendment claim at trial and on direct appeal.  Furthermore, in Gamble v. Oklahoma, 583 F.2d 1161 (10th Cir. 1978), the Tenth Circuit held that Stone's "opportunity for full and fair consideration" and/or "litigation" includes, but is not limited to the procedural opportunity to raise or otherwise present a Fourth Amendment claim, and the full and fair evidentiary hearing contemplated by Townsend v. Sain, 372 U.S. 293 (1963).  See also, Miranda v. Cooper, 967 F.2d 392, 401 (10th Cir. 1992) (reiterating that court should focus on procedural "opportunity" to raise claims).

As discussed above, Defendant had the procedural opportunity to present any Fourth Amendment claim available to him, both before this Court and on direct appeal.  As a result, this Court is precluded by Stone from considering the merits of Defendant's instant challenge under § 2255 based on a violation of the Fourth Amendment.

**B.   Ineffective assistance of trial and appellate counsel for failure to argue Fourth Amendment claim competently**

In his § 2255 motion (Dkt. # 82), Defendant argues that his appellate counsel performed deficiently by challenging the validity of the "stop," an argument considered by Defendant to be "frivolous."  Defendant contends that the issue his appellate counsel should have focused on was whether the consent to search his vehicle was voluntary.  In his motion to amend (Dkt. # 87), Defendant alleges that "counsel was ineffective for failing to litigate the Fourth Amendment claim competently."  Defendant contends that had his trial counsel argued that his consent was not voluntarily given, the motion to suppress would have been granted.

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. Id. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. Counsel is not constitutionally ineffective for failing to raise issues devoid of merit. United States v. Cook, 45 F.3d 388, 393 (10th Cir.1995).

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

The Court finds that in this case Defendant's claims of ineffective assistance of counsel are patently without merit. Trial counsel did in fact challenge the voluntariness of Defendant's consent during the hearing on the motion to suppress. See Dkt. # 45 at 4. As evidenced by the Tenth Circuit's opinion, appellate counsel also challenged the voluntariness of his consent. See Manjarrez,

5

348 F.3d at 886. Both courts determined that Defendant gave valid consent to search to the officer. See Dkt. # 45; Manjarrez, 348 F.3d at 886. The Tenth Circuit found that "nothing suggests that Trooper Roland coerced or intimidated Defendant" and that Defendant had cited to no authority "suggesting a howling drug dog may be intimidating or coercive." Id. Furthermore, Defendant cannot demonstrate that he suffered prejudice as a result of appellate counsel's decision to argue the consent issue after first arguing the probable cause issue. Nothing suggests the Tenth Circuit would have granted relief had the consent issue been presented first. Defendant cannot demonstrate that he suffered prejudice as a result of appellate counsel's performance. Defendant has failed to satisfy the Strickland standard as to either trial or appellate counsels' performances.

**C.    Trial and appellate counsels' failure to argue for a 2 level sentencing decrease**

Defendant argues that his trial counsel failed to request, and that his appellate counsel failed to argue for a "downward adjustment under the sentencing guidelines for being a minor participant in criminal activity pursuant to U.S.S.G. §3B1.2(b)." See Dkt. # 82 at 11. As discussed above, to establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). Defendant has failed to demonstrate that either trial or appellate counsel performed deficiently in failing to argue for application of §3B1.2(b). Defendant claims that he should have received a two-level adjustment under §3B1.2 for being a "minor participant in criminal activity." The section of the sentencing guidelines relied on by Defendant, however, applies only where "more than one participant was involved in the offense," U.S.S.G. §3B1.2 cmt. 2 (2002), and allows adjustments only where the participant is less culpable than the average participant *in the jointly committed offense*, not as compared to the culpability of the average criminal in society at large, as

Defendant apparently believes. This provision of the sentencing guidelines has no applicability to Defendant. As a result, the failure of trial and appellate counsel to raise the claim cannot constitute ineffective assistance of counsel. United States v. Cook, 45 F.3d 388, 393 (10th Cir. 1995) (counsel is not ineffective for failing to raise meritless claims). Defendant is not entitled to relief under § 2255.

**D.     Neither Booker nor Blakely applies to this case**

As his fourth proposition of error in his § 2255 motion, Defendant claims that his sentence is in violation of Blakely v. Washington, 542 U.S. 296 (2004), because it was based on facts that were not presented to a jury and proven beyond a reasonable doubt. He has also filed a "motion to preserve a Booker claim" (Dkt. # 86). In United States v. Booker, 543 U.S. 220, 243-44 (2005), the Supreme Court applied the holding of Apprendi v. New Jersey, 530 U.S. 466 (2000), to the federal sentencing guidelines, such that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244.

The Court first finds that consideration of any claim based on Blakely or Booker is foreclosed since neither case applies retroactively to criminal cases that became final before the decisions issued.[1]  See United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005) (holding that Blakely does not apply retroactively to convictions that were already final at the time Blakely issued); United States v. Bellamy, 411 F.3d 1182, 1184 (10th Cir. 2005) (holding that "Booker does

---

[1] Defendant's conviction became final in this case on March 8, 2004, when the United States Supreme Court denied his petition for a writ of *certiorari*. Thus, Defendant's conviction became final before issuance of either Blakely on June 24, 2004, or Booker on January 12, 2005, and neither case applies retroactively to this case.

not apply retroactively to criminal cases that became final before its effective date of January 12, 2005"). In addition, no sentencing enhancements were applied in this case. In fact, after pleading guilty, Defendant received the minimum mandatory sentence of 120 months for possession of more than five kilograms of cocaine under 21 U.S.C. § 841(b)(1)(A)(ii). Because Defendant's sentence did not exceed the maximum authorized by the facts established by his plea of guilty, neither Booker nor Blakely applies. Defendant is not entitled to § 2255 relief and his motion to preserve a Booker claim shall be denied.

## *CONCLUSION*

Defendant has failed to demonstrate entitlement to relief on the claims asserted in his § 2255 motion. Therefore, his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Defendant's motion to amend (Dkt. # 87), adjudicated as a motion to supplement, is **granted**.

2. Defendant's "motion to preserve a Booker claim" (Dkt. # 86) is **denied**.

3. Defendant's 28 U.S.C. § 2255 motion (Dkt. # 82) is **denied**.

DATED THIS 16th day of August, 2007.

TERENCE KERN
UNITED STATES DISTRICT JUDGE